IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
C.A. No. 1:10-cv-46

| | | |
|---|---|---|
| WANDA MARTIN WOODS, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | COMPLAINT |
| ) | | |
| LVNV FUNDING, LLC, ) | | JURY TRIAL DEMANDED |
| Defendant. ) | | |
| ) | | |

NOW COMES the Plaintiff, WANDA MARTIN WOODS, by and through counsel, and makes this Complaint against Defendant LVNV FUNDING, LLC, alleging and saying as follows:

**INTRODUCTION:**

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, et seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and of North Carolina's fair debt collection statutes. When it enacted the FDCPA, Congress found extensive evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices and to ensure that those debt collectors who refrain from abusive practices are not competitively disadvantaged. U.S. v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). A debt collector's filing of a lawsuit on a time-barred debt is an unfair and unconscionable means of collecting the debt. Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480, 1487 (M.D. Ala. 1987).

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the FDCPA and North Carolina law in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff Wanda Martin Woods is a natural person residing in the City of Greensboro, County of Guilford, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA under 15 U.S.C. §§ 1692a(3) and 1692k .

6. Plaintiff is also a "consumer" as defined the by North Carolina Debt Collection Act (hereinafter, "NCDCA") at N.C. Gen. Stat. § 75-50(2).

7. Defendant LVNV Funding, LLC (hereinafter, "LVNV") is a Delaware limited liability company with a principal place of business at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401.

8. LVNV is engaged in the business of acquiring charged-off debts alleged to be due to another and regularly attempting to collect them from North Carolina consumers using collection agencies and the North Carolina state court system.

9. Since 2005, LVNV has been the plaintiff in more than 300 lawsuits in Guilford County, and in many hundreds more across the state of North Carolina.

10. As of August 24, 2009, LVNV stated on its website, www.lvnvfunding.com, that it "purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."

11. LVNV was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and the alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

12. At all times relevant to this Complaint, LVNV also was a "debt collector" as defined by the NCDCA at N.C. Gen. Stat. § 75-50(3), and the alleged debt in this matter was a "debt" as that term is defined by N.C. Gen. Stat. § 75-50(2).

## FACTUAL ALLEGATIONS

13. Plaintiff Wanda Martin Woods is a widow who works two jobs to support her family.

14. Ms. Woods' prior name was Wanda Martin.

15. On or about August 13, 2009, Defendant served Plaintiff with a summons and complaint alleging that "Wanda Martin" had defaulted on a debt to Defendant's alleged predecessor in interest on "an account with Sears" in the amount of $1,685.78. Copies of said summons and complaint are attached hereto as "Exhibit A."

16. Defendant has since informed Plaintiff that its alleged predecessors in interest are "Citibank (USA), N.A.," and "Sears National Bank."

17. Defendant has also listed an account on Plaintiff's credit report.

18. On the credit report, Defendant lists an account number for the alleged account.

3

19. The account number Defendant lists on Plaintiff's credit report matches the number also listed on Plaintiff's credit reports for an account listed by an entity named "Sears/CBSD."

20. Plaintiff believes that the account listed on Plaintiff's credit reports by both Sears/CBSD and Defendant is the same account upon which Defendant is suing Plaintiff in the Complaint attached hereto as "Exhibit A."

21. After lengthy investigation, Plaintiff has not been able to find any actual documentation of the alleged indebtedness to Defendant or to Defendant's alleged predecessors in interest, or to "Sears/CBSD," nor has Defendant provided any documentation whatsoever of such alleged indebtedness, other than the affidavits of Defendant's own employees.

22. Upon information and belief, based on information in Plaintiff's credit report, no payment has been made on the account listed by Sears/CBSD since approximately August 2005.

23. Upon information and belief, based on information in Plaintiff's credit report, the account listed by Sears/CBSD was charged off and sold in March, 2006.

24. Defendant's listing on Plaintiff's credit report does not show any payments made on this alleged account at any time since Defendant allegedly purchased it.

25. Plaintiff has never made any payments to Defendant or anyone else on this alleged account at any time since Defendant allegedly purchased it.

26. N.C. Gen. Stat. 1-52(1) provides a three-year statute of limitations for any action "upon a contract, obligation or liability arising out of a contract, express or implied [...]"

27. A credit card agreement is a type of contract.

28. Defendant filed the instant action on or about April 9, 2009.

29. Defendant filed the instant action more than three years after any cause of action

4

Case 1:10-cv-00046-UA-LPA   Document 1   Filed 01/19/10   Page 4 of 9

for non-payment arose on the alleged account.

30. Defendant knew or should have known that, by the time it filed this action, the statute of limitations had run as to this alleged debt.

31. Since being informed that Plaintiff believed it has filed suit on a time-barred debt, Defendant has further alleged that Plaintiff made a payment of $75.00 on the alleged account on or about May 7, 2006.

32. Plaintiff never made any such payment.

33. Plaintiff's credit reports do not reflect any such payment.

34. Plaintiff's bank account records do not reflect any such payment.

35. Plaintiff's canceled check records show no such payment.

36. Defendant has been unable to produce documentation of such alleged payment, or documentation of any contact or communication whatsoever between it and Plaintiff prior to February 2009, when it sent her a collection letter informing her that it was the new owner of the alleged account.

37. In fact, the sworn affidavit of Defendant's own employee, attached hereto as Exhibit "B," reflects that Defendant claims to have purchased the alleged account with a "purchased balance owing" of $1685.78 on March 30, 2006.

38. As previously stated, Defendant's Complaint, attached hereto as Exhibit "A," reflects that Defendant sued Plaintiff on an alleged account in the amount of $1685.78.

39. The amount for which Defendant has sued Plaintiff is the exact amount that Defendant claims to have been the purchased balance on the alleged account, suggesting either that no payment has been made on the alleged account since Defendant's alleged purchase of such, or that, in the alternative, Defendant has not credited the alleged account for the supposed

5

payment that Defendant claims Plaintiff made on it.

40. As a result of Defendants' actions, Ms. Woods has suffered anxiety, frustration, and inconvenience in attempting to resolve this matter, and has had to hire an attorney.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### Count One:

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692, et. seq.

42. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

43. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

44. One purpose of the FDCPA is to protect even unsophisticated consumers who might pay a time-barred debt rather than assert the defense.

45. Plaintiff has filed a time-barred collection suit, as described hereinabove.

46. The filing of the time-barred suit is an unconscionable and unfair means of collecting an alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692f; a deceptive representation in connection with collection of an alleged debt, in violation of 15 U.S.C. § 1692e; a false representation of the character and legal status of the alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A); and a deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 U.S.C. § 1692e(10).

47. In the alternative to the claim made in ¶46 hereinabove, if a payment was indeed made on the account in question on May 7, 2006, then the amount claimed in Defendant's lawsuit Complaint did not credit the account for such payment.

48. Defendant's allegation that it was owed $1685.78 plus interest, would therefore be a deceptive representation in connection with collection of an alleged debt, in violation of 15 U.S.C. § 1692e, a false representation of the character and legal status of the alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A), and a deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 U.S.C. § 1692e(10).

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count Two:

## Violations of the North Carolina Debt Collection Act

## N.C. Gen. Stat. § 75-50, et seq.

50. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

51. At all times relevant, Defendant, acting by and through its officers, agents, employees, or assigns, was engaged in commerce in the state of North Carolina.

52. Defendant has filed a time-barred collection suit, as described hereinabove.

53. The filing of such suit is an unconscionable and unfair means of collecting an alleged debt, in violation of NCDCA at N.C. Gen. Stat. § 75-55, and a false representation of the character and legal status of the alleged debt, in violation of N.C. Gen. Stat. § 75-54(4).

54. In the alternative to the claim made in ¶53 hereinabove, if a payment was indeed made on the account in question on May 7, 2006, then the amount claimed in Defendant's lawsuit Complaint did not credit the account for such payment.

55. Defendant's filing of suit alleging that it was owed $1685.78 plus interest, would therefore be an unconscionable and unfair means of collecting an alleged debt, in violation of NCDCA at N.C. Gen. Stat. § 75-55, and a false representation of the character and legal status of the alleged debt, in violation of N.C. Gen. Stat. § 75-54(4).

56. Defendant's acts are also unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

57. As a result of Defendant's violations of the NCDCA, Plaintiff is entitled to actual damages pursuant to N.C. Gen. Stat. §75-56; statutory damages in an amount not less than $500.00 but no greater than $4,000.00 for each violation pursuant to N.C. Gen. Stat. §75-56; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wanda Martin Woods prays the Court to:

1. Award her on her First Cause of Action actual damages in an amount to be determined at trial and statutory damages of $1,000.00 pursuant to the violations of the Fair Debt Collection Practices Act alleged therein;
2. Award her on her Second Cause of Action actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 75-50, et. seq. alleged therein;
3. Award her the costs of litigation and reasonable attorney's fees pursuant to N.C. Gen.

8

Stat. § 75-16.1 and 15 U.S.C. § 1692k(a)(3);

4. Award any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest;

5. Grant trial before a jury on all issues so triable; and

6. Grant such other and further relief as the Court deems just and proper.

THIS the 19th day of January, 2010.

Respectfully submitted,

By: /s/ Suzanne Begnoche
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
begnoche@mindspring.com
Telephone: (919) 960-6108

9