# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION
## C.A. NO. 1:10-cv-46-UA-LPA

WANDA MARTIN WOODS,

        Plaintiff,

v.

**ANSWER OF DEFENDANT**

LVNV FUNDING, LLC,

        Defendant.

Defendant LVNV Funding, LLC ("LVNV"), as and for its Answer to the Complaint of Wanda Martin Woods ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

In response to Plaintiff's Introduction, LVNV states that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, North Carolina law and the case law referenced by Plaintiff speak for themselves, while denying the content of the Introduction to the extent, if any, that it misstates or otherwise misconstrues the contents of the referenced laws and cases.

1. In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that the statutes referenced confer jurisdiction upon this Honorable Court, but LVNV denies that it violated any law.

1549529v1

2. LVNV denies the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. In response to paragraph 3 of Plaintiff's Complaint, LVNV denies that it transacts business in this district as none of the actions asserted against it constitute transacting business. *See* N.C. Gen. Stat. § 57C-7-02. To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the same are therefore denied.

4. In response to paragraph 4 of Plaintiff's Complaint, LVNV denies that there were any violations and thus denies the remaining allegations.

5. LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint and the same are therefore denied.

6. LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of Plaintiff's Complaint and the same are therefore denied.

7. LVNV admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. In response to paragraph 8 of Plaintiff's Complaint, LVNV admits that it is, in part, in the business of acquiring debts allegedly owed to another and that at times it is a plaintiff in matters seeking to collect from North Carolina debtors. LVNV denies that it regularly attempts to collect charged-off debts

2

alleged to be due another. To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the same are therefore denied.

9. In response to paragraph 9 of Plaintiff's Complaint, LVNV admits that has been a plaintiff in multiple matters in North Carolina. To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the same are therefore denied.

10. In response to paragraph 10 of Plaintiff's Complaint, LVNV states that its website speaks for itself. To the extent the allegations contained in paragraph 10 of Plaintiff's Complaint are inconsistent therewith, the same are denied.

11. LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 of Plaintiff's Complaint and the same are therefore denied.

12. LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint and the same are therefore denied.

13. LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint and the same are therefore denied.

14. LVNV admits the allegations set forth in paragraph 14 of Plaintiff's Complaint, upon information and belief.

3

1549529v1

15.    In response to paragraph 15 of Plaintiff's Complaint, LVNV states that the documents attached to Plaintiff's Complaint as Exhibit A speak for themselves while denying said paragraph to the extent, if any, that it misstates or otherwise misconstrues said documents.

16.    In response to paragraph 16 of Plaintiff's Complaint, LVNV admits that, via its collection attorneys, it has advised Plaintiff of the name of the original creditors, upon information and belief.

17.    In response to paragraph 17 of Plaintiff's Complaint, LVNV states that it furnished information related to Plaintiff's account to at least one consumer reporting agency, but denies that it "listed an account on Plaintiff's credit report" as it is not a consumer reporting agency, but merely a furnisher of information.

18.    In response to paragraph 18 of Plaintiff's Complaint, LVNV states that it furnished Plaintiff's account number to at least one consumer reporting agency, but denies that it lists the number on Plaintiff's credit report as it is not a consumer reporting agency, but merely a furnisher of information.

19.    In response to paragraph 19 of Plaintiff's Complaint, LVNV denies that it listed anything on Plaintiff's credit report as it is not a consumer reporting agency, but merely a furnisher of information.  To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the same are therefore denied.

4

20.    In response to paragraph 20 of Plaintiff's Complaint, LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged and the same are therefore denied.

21.    In response to paragraph 21 of Plaintiff's Complaint, LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations alleged and the same are therefore denied.

22.    LVNV denies the allegations set forth in paragraph 22 of Plaintiff's Complaint, upon information and belief.

23.    In response to paragraph 23 of Plaintiff's Complaint, LVNV admits that Citibank sold the account in March 2006.  To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the same are therefore denied.

24.    In response to paragraph 24 of Plaintiff's Complaint, LVNV denies that it listed anything on Plaintiff's credit report as it is not a consumer reporting agency, but merely a furnisher of information.  To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and the same are therefore denied.

25.    LVNV denies the allegations set forth in paragraph 25 of Plaintiff's Complaint, upon information and belief.

26.    In response to paragraph 26 of Plaintiff's Complaint, LVNV states that N.C. Gen. Stat. 1-52(1) speaks for itself.  To the extent the allegations

5

contained in paragraph 26 of Plaintiff's Complaint are inconsistent therewith, the same are denied.

27.     LVNV admits the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28.     In response to paragraph 28 of Plaintiff's Complaint, LVNV denies that it filed this action and specifically refers Plaintiff to the Court's docket, which sets forth that Plaintiff filed this matter on January 19, 2010.

29.     LVNV denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.     LVNV denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31.     In response to paragraph 31 of Plaintiff's Complaint, LVNV admits that it has been advised, via its collection counsel, that Plaintiff made a payment on the account on or about May 7, 2006.  To all other extents, LVNV lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

32.     LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 32 of Plaintiff's Complaint and the same are therefore denied.

33.     LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 of Plaintiff's Complaint and the same are therefore denied.

6

34.     LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 34 of Plaintiff's Complaint and the same are therefore denied.

35.     LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 35 of Plaintiff's Complaint and the same are therefore denied.

36.     In response to paragraph 36 of Plaintiff's Complaint, LVNV denies that it became owner of the account prior to February 2009 and denies that it sent any correspondence to Plaintiff prior to February 2009 and therefore denies all allegations alleged herein.

37.     In response to paragraph 37 of Plaintiff's Complaint, LVNV states that the documents attached to Plaintiff's Complaint as Exhibit B speak for themselves while denying said paragraph to the extent, if any, that it misstates or otherwise misconstrues said documents.

38.     In response to paragraph 38 of Plaintiff's Complaint, LVNV states that the documents attached to Plaintiff's Complaint as Exhibit A speak for themselves while denying said paragraph to the extent, if any, that it misstates or otherwise misconstrues said documents.

39.     In response to paragraph 39 of Plaintiff's Complaint, LVNV admits that the referenced document suggest as alleged by Plaintiff, but LVNV affirmatively states that the amount of the debt at charge off was $1,739.62 and that it has documentation from the original creditor to support the same.

7

40.     LVNV denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.     In response to paragraph 41 of Plaintiff's Complaint, LVNV admits that Plaintiff demands a trial by jury, but denies that it violated any law that would subject it to a jury trial.

42.     In response to paragraph 42 of Plaintiff's Complaint, LVNV adopts by reference paragraph 1 through 41 of this Answer as though fully set forth herein.

43.     In response to paragraph 43 of Plaintiff's Complaint, LVNV adopts by reference paragraph 1 through 42 of this Answer as though fully set forth herein.

44.     LVNV denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45.     In response to paragraph 45 of Plaintiff's Complaint, LVNV lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth and the same are therefore denied.  To the extent Plaintiff intended to alleged that LVNV, the defendant in this matter, filed a time-barred lawsuit in the state court matter, LVNV denies that that the lawsuit filed on its behalf was time-barred.

46.     LVNV denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

1549529v1

47. LVNV denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. LVNV denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. LVNV denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. In response to paragraph 50 of Plaintiff's Complaint, LVNV adopts by reference paragraph 1 through 49 of this Answer as though fully set forth herein.

51. LVNV denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. LVNV denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. LVNV denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. LVNV denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. LVNV denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. LVNV denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

1549529v1

57.     LVNV denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of LVNV.

### THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against LVNV.

### FOURTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of LVNV.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.      Dismissing all causes of action against LVNV with prejudice and on the merits; and,

10

1549529v1

2.    Awarding LVNV such other and further relief as the Court deems just and equitable.

This the 11th day of February, 2010.

/s/ Caren D. Enloe
Caren D. Enloe
Of SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP
North Carolina State Bar No. 17394
PO Drawer 26268
Raleigh NC 27611
(919)250-2000
cenloe@smithdebnamlaw.com
*Counsel for defendant*

11

1549529v1

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing document was served on February

11, 2010 electronically via CM/ECF on the following:


Suzanne Begnoche
312 West Franklin Street
Chapel Hill NC 27516
Attorney for Plaintiff
begnoche@mindspring.com


*/s/ Caren D. Enloe*
Caren D. Enloe

1549529v1